Bows, J.
This is an action of tort brought to recover for property damage to the plaintiff’s automobile received in a collision with another automobile owned and operated by the defendant. The trial judge found for the plaintiff. The defendant claims to be aggrieved by the denial of his motion for á directed finding for the defendant, “because the automobile of the plaintiff was not properly registered in the name of the owner as is required by Gen. Laws c. 90 §2 and therefore was a trespasser on the highway at the time of the alleged accident.”
The automobile was owned by the plaintiff and was registered by her in the name of “Mary Baposa, Williams Street, Dighton, Massachusetts.” The plaintiff testified that her name was Mary Baposa Boderiek and that in her community she was known by both names, Mary Baposa Boderiek and Mary Baposa. Four other witnesses corroborated the testimony of the plaintiff.
Subsequent to the date when this ease was argued before us, Bridges v. Hart, 1939 Mass. Adv. Sh. 171, containing *153 an extensive review of the cases, has appeared in the Advance Sheets. From what is said in that case we are of the opinion that the trial judge in the case at bar could have found that the plaintiff’s automobile was legally registered.
At the close of the evidence the plaintiff filed a motion to amend the pleadings by adding after the name Mary Raposa Roderick, the words, “otherwise known as Mary Raposa.” The motion was allowed by the trial judge and the defendant claims to be aggrieved thereby. There was no error in the allowance of this motion. Gren. Laws (Ter. Ed.) c. 231 §§51, 138. Report dismissed.